[Not for Publication - Not to be Cited as Precedent]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1544

ARTHUR BLAKE,

Petitioner, Appellant,

v.

MICHAEL T. MALONEY; THOMAS F. REILLY, D.A.,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Margaret G. Barmack and Barmack & Boggs on brief for appellant.
James J. Arguin, Assistant Attorney General, and Thomas F. Reilly, Attorney General, on brief for appellees.

---

**February 12, 2002**

---

**PER CURIAM.** Petitioner-Appellant Arthur Blake appeals the denial of his petition for writ of habeas corpus challenging his state court conviction for armed assault with intent to murder, and related assault and weapons charges. Citing Bruton v. United States, 391 U.S. 123 (1968), Blake claims first that the trial court violated his Sixth Amendment right to confront his accusers by admitting statements made by his non-testifying codefendants to the grand jury, and that the Massachusetts Supreme Judicial Court ("SJC") failed to correct this error on appeal. Second, Blake argues that the evidence underlying his conviction for assault with intent to murder as a joint venturer of codefendant Damon Brown was constitutionally insufficient. Because neither argument has merit, we affirm the district court's order.

The facts of this case have been explained previously, first by the SJC on direct review, Commonwealth v. Blake, 696 N.E.2d 929, 930-31 (Mass. 1998), and then by this court on review of the habeas petition filed by Damon Brown, Brown v. Maloney, 267 F.3d 36, 38-39 (1st Cir. 2001). For purposes of this opinion, the relevant facts are recounted, albeit briefly, below.

Petitioner and Brown attended a "Caribbean Festival" on August 28, 1993, and were part of a large crowd gathered in Franklin Park. Later that day in the evening, after attempting to snatch a gold chain from the neck of Kerry Davis, who was also attending the Festival, Brown shot and injured several bystanders. Blake and another

-3-

friend of Brown, Angel Rentas, apparently also shot into the crowd after Brown fired his weapon.[1]

Identification of the shooters was the central issue before the jury. Although none of the defendants testified at trial, the prosecution introduced statements made by Blake and Brown to the grand jury, in which they claimed that they had been at Rentas's apartment from about 7:30 or 8:00 p.m. until approximately midnight, and knew nothing about the shootings. The government also introduced statements made by Rentas to the grand jury that Blake and Brown left his apartment somewhere between 9:00 and 9:30 p.m. Although Petitioner vehemently opposed the use of these statements by the government at trial, his objections were overruled.

In his habeas petition, Petitioner alleges that the trial court violated the Supreme Court's instruction in Bruton by improperly admitting into evidence inculpatory statements of non-testifying co-defendants that also implicated him, thereby infecting the trial with unfair prejudice.[2] Damon Brown presented this precise argument in his

---

[1] Rentas was acquitted at trial. Blake, 696 N.E.2d at 930 n.2.

[2] Blake claims that the Commonwealth introduced these statements to prove that he had offered a false alibi. As his defense rested on a theory of misidentification, Blake insists that any evidence that he had previously offered a (false) alibi would poison the jury against him by suggesting that he had something to hide and was, in fact, one of the shooters.

habeas petition, the denial of which we recently affirmed.[3] Brown, 267 F.3d at 40-43. As there is no reason for us to retread the same ground, we reject Blake's assignment of Bruton error for the reasons offered in Brown. See id.

Blake's contention that there was insufficient evidence to sustain his conviction as a joint venturer is also meritless. To prove the existence of a joint venture under Massachusetts law, the prosecution must demonstrate that the defendant was "(1) present at the scene of the crime, (2) with knowledge that another intend[ed] to commit the crime or with intent to commit a crime, and (3) by agreement [was] willing and available to help the other if necessary." Commonwealth v. Longo, 524 N.E.2d 67, 70 (Mass. 1988). Blake acknowledges that the evidence at trial proved that he was at the scene and that he was firing a gun at approximately the same time as Brown. Nevertheless, Blake maintains that the Commonwealth failed to satisfy the third prong, citing the alleged lack of any direct evidence or basis from which a jury could infer that he intended to help Brown kill Davis. As the SJC concluded, however, the fact that Blake joined Brown after the initial shots were fired and also began to shoot in

---

[3] Although Brown's and Blake's habeas petitions raised substantially similar issues, the motion to consolidate the two petitions was denied by both judges to whom the petitions were originally allotted. Consequently, Brown's petition was considered by Judge Lasker, and Blake's petition was considered by Chief Judge Young.

Davis's direction provides sufficient evidence to allow a jury to infer not only "that Blake was available and willing to help Brown, but also that he, in fact, did so." Blake, 696 N.E.2d at 934 (citing Commonwealth v. Williams, 661 N.E.2d 617, 625 (Mass. 1996)).[4] We agree with the district court that Blake has "fail[ed] to advance any evidence of an unreasonable determination of the facts" by the SJC, Blake v. Maloney, 142 F. Supp. 2d 135, 139 (D. Mass. 2000) (citing 28 U.S.C. § 2254(d)(2)), and find no error in the proceedings below.

For the foregoing reasons, the district court's denial of Petitioner's habeas petition is **affirmed.**

---

[4] Even assuming that Blake had no knowledge of Brown's malice toward Davis at the beginning of the evening, once Brown began shooting at Davis, Blake could no longer claim ignorance of Brown's criminal intent. Therefore, to the extent that Blake also seeks to challenge the sufficiency of his conviction under prong two, we reject his argument.